IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Case No.   1:25-cr-33-RDB |
| ANDREW STILLING, JR. | * | |
| | * | |

******

## MEMORANDUM OPINION AND ORDER SETTING RELEASE CONDITIONS

Defendant had his detention hearing on February 14, 2025. At that time, Defendant was charged by criminal complaint with Sexual Exploitation of a Child, Receipt of Child Pornography and Distribution of Child Pornography. The Court ordered Defendant detained. (ECF No. 17). The Court noted the presumption of detention for such crimes involving minors under the Bail Reform Act, the recommendation for detention by Pretrial Services, the nature of the offense (including creating and distributing images of Defendant's minor de facto stepdaughter and allegedly possessing 60-plus explicit videos/images of his minor biological son), the strength of the Government's Proffer to include a forensic exam uncovering images on Defendant's phone, Defendant's conversations with an undercover officer, and Defendant's post-Miranda statements. *Id*. Finally, the Court noted "Given the breach of trust involving minor victims in Defendant's care (including biological child and de facto stepdaughter), the Court is not reasonably assured that Pretrial conditions would be a significant enough deterrent." *Id*. Notably, Defendant had been on release conditions from state court for almost two months before the matter was re-charged federally, although the Government argued, in part, that earlier release decision was made without the judge's knowledge of the 60-plus videos/images of Defendant's minor biological son.

Defendant has since been indicted and is facing one count of sexual exploitation involving his de facto stepdaughter, two counts of distributing images of her to others online, and one count each of the receipt and possession of eight other sexually explicit material involving minors. (ECF No. 20). The Government describes that the images received from another online individual involving minors other than Defendant's *de facto* stepdaughter as 8 images of "pre-pubescent children engaged in sexually explicit conduct" and are homemade. (ECF No. 37 at 2). Apparently no other sexually explicit material has been found on any of Defendant's devices.

On March 7, 2025, Defendant moved under Section 3142(f)(2) of the Bail Reform Act, which provides that a detention hearing may be re-opened if the Judicial Officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there is [suitable conditions of release]. (ECF No. 30). The "unknown information" concerns the alleged 60-plus videos/images of Defendant's biological minor son that the Court also referenced during the hearing, and in its detention order ("minor victims in Defendant's care (including biological child and de facto stepdaughter.") Based on subsequent forensic discovery exchanged (which was obviously not available to the Defense at the time of the bail review hearing), the images of Defendant's son do not qualify as child sexual abuse material, were not taken by a hidden camera, and are not charged in the indictment. Therefore, Defendant argued, the Court should revisit detention since only one of the minors in Defendant's household was allegedly the victim of child exploitation, production, and image distribution, not two. (ECF No. 30 at 4-6). Additionally, Defendant argued that the Government's collateral attack at the hearing on the prior state court release order based on the state court judge, in part, not knowing about the images of Defendant's son, is now invalid such that the Court should give greater weight to the state court's prior release decision. *Id*. at 8-10.

The Government opposed the motion, and Defendant filed a reply to that opposition.  (ECF Nos. 37 & 40).

Because the Court had, in part, relied upon the mistaken belief that there were pornographic images of Defendant's son at issue (in addition to those of his de facto stepdaughter), the Court on April 1, 2025, granted the Defendant's motion to re-open "for purposes of hearing additional argument on the issue of detention or release from both Defendant and the Government, including argument concerning any relevant matters that have come to light since the original detention hearing. (ECF No. 43).

The hearing went forward on April 25, 2025.  The Government confirmed that the videos/images of Defendant's son were not Child Sexual Abuse Material.  The Government did not proffer any additional evidence gathered since the original detention hearing.  Defendant's counsel argued that the case should be viewed in a different light because it is now apparent that none of the materials involving Defendant's minor son was illegal or otherwise part of the indictment, that there were no identifiable "victims" other than Defendant's stepdaughter who now resides at a different residence.  He further argued that the state court's release decision (and Defendant's successful period of supervised release) should now be given more weight as there is no meaningful difference between the information available to the state court judge and the information presented to this Court.  Defendant's counsel emphasized Defendant's immediate cooperation with law enforcement in surrendering his device and admitting to a majority of the conduct, and that the proposed third-party custodian (Defendant's father) was agreeable to removing all internet access from the proposed residence.  The Court verified that at the hearing with the third-party custodian, who also confirmed that he was semi-retired and, in the residence, the vast majority of the time except for occasional odd jobs.  The Court allowed the parties until

May 2, 2025, to make any final written submission to the Court should they choose to do so. No additional materials were filed.

To be clear, the Court declines to find a meaningful distinction between videos/images involving Defendant's biological child versus his de facto stepdaughter who resided with Defendant for many years. That said, there is certainly a difference in the volume and instances of that material when the information involving Defendant's biological child is excluded from consideration. The Court also finds it meaningful that no further information has been found in the more than two months since the first detention hearing on any of Defendant's devices, and that the material that was found, though certainly disturbing, was not extensive. The Court also finds the proposed third-party custodian to be appropriate given that he is typically in the residence, and that he is willing to eliminate internet access from his home. Further, the primary victim in the case is safely in a different residence. Although the Court fully recognizes that the child or children involved in the 8 illegal images Defendant received from another online user are themselves victims, there is no information that Defendant had or has direct access to them and that his only connection to those images is through the internet. Additionally, the Court does believe that the decision of the state judge (and Defendant's subsequent period of compliance) should be given greater deference since the information relied upon by that judge was largely the same as that presented to this Court as it turns out. Finally, although every case of detention/release turns upon its own facts, the undersign recognizes that a previous order of detention in a case with substantially more extensive allegations was reversed by the then-Chief Judge of this Court who, in a thoughtful and thorough analysis, ultimately ordered release in that case under similar, very strict. conditions offered in the present case. See *United States of America v. Christopher Bendann*, 23-JKB-278 at ECF 30.

Accordingly, the Court will order Defendant released under the conditions outlined in the attached Conditional Release order, which include, *inter alia*, that the residence have no internet service, that Defendant shall have no contact with minors (except that previously provided for by the State court in its release order), that the Defendant neither possess nor have access to any devices that can access the internet, and that any exceptions to Defendant's home confinement shall be in the company of his Third Party Custodian.

Note that this order is temporarily stayed to allow the Government time to decide whether it will appeal the order to the U.S. District Judge. The Government shall make this decision no later than close of business on May 7, 2025, and notify Chambers, Pretrial Services, and Defense Counsel of its decision. Should the Government appeal, the order is further stayed until a decision on that appeal. Should the Government not appeal, Defendant shall be released pending verification from Pretrial Services that all release conditions are in place.

 5/5/2025
Date

J. Mark Coulson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

for the
District of Maryland

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. RDB-25-cr-33 |
| ANDREW STILLING, JR. ) | |
| Defendant ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 34 U.S.C. § 40702.

(3) The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)*   __to be notified__
                                                              *Place*

on _____   _____
                             *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

☐ (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☐ (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☑ (7) The defendant is placed in the custody of (name of person or organization):   __Defendant's father__
at an address approved by the Pretrial Services Office.

The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _____   _____
        *Custodian or Proxy*          *Date*            *Tel. No (only if above is an organization)*

☑ (8) The defendant must:
- ☐ (a) report to the _____ telephone number _____ no later than _____
- ☑ (b) report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer.
- ☐ (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ☐ (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
- ☐ (e) execute a bail bond with solvent sureties in the _____
- ☐ (f) maintain or actively seek employment as approved by the U.S. Pretrial Services Officer.
- ☐ (g) maintain or commence an education program.
- ☑ (h) surrender any passport to: Clerk of Court
- ☑ (i) obtain no passport.
- ☐ (j) abide by the following restrictions on personal association, place of abode, or travel: Travel restricted to D. Md.; Do not change residence w/o Court approval
- ☑ (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Step-daughter and her mother; Anyone else identified in writing by Gov't
- ☑ (l) undergo medical or psychiatric treatment: As directed by Pretrial Services
- ☐ (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ☑ (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ☑ (o) refrain from ☑ any ☐ excessive use of alcohol.
- ☐ (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ☐ (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ☐ (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ☑ (s) participate in one of the following location restriction programs and comply with its requirements as directed.
  - ☐ (i) **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer;
  - ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or
  - ☑ (iii) **Home Confinement.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities, attorney visits, court appearances, or other activities specifically approved by the court; and only accompanied by Third Party Custodian
  - ☐ (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home confinement restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
  - ☐ (v) **Other.** _____
- (t) submit to the following location monitoring technology and comply with its requirements as directed:
  - ☑ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
  - ☐ (ii) Voice Recognition/Virtual Monitoring; or
  - ☐ (iii) Radio Frequency; or
  - ☐ (iv) GPS.
- ☐ (u) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

☑ (v) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial Services Officer. The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but not be limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic devices under the defendant's control. See further restrictions below.

☑ (w) Residence shall have no internet access; Defendant shall not use, possess or have access to any internet capable devices

☑ (x) No contact with any minor except as previously allowed in State Court release order as to Minor son, and then only in presence of Third Party Custodians

Order is stayed pending the result of any appeal of this order to the District Judge, however Gov't must make decision on any appeal by close of business on May 7, 2025.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

☐ The defendant is ORDERED released after processing.              *Pretrial Services*
☒ The United States Marshal is ORDERED to keep the defendant in custody until notified by ~~the clerk or judge~~ that the defendant has ~~posted bond and~~/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: April 17, 2025 / May 5, 2025          _____
                                            *Judicial Officer's Signature*

                                            J. Mark Coulson, United States Magistrate Judge
                                            _____
                                            *Printed name and title*

— Order is temporarily stayed until Gov't decides whether it will appeal the order to the District Judge, such decision to be made no later than Close of Business on May 7, 2025